IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| | : | |
| Jorge R.  Ortiz, Sr.  *et al.*, | | |
| | : | Civil Action 2:05-cv-761 |
| Plaintiffs | | |
| | : | Judge Graham |
| v. | | |
| | : | Magistrate Judge Abel |
| Jefferson County Sheriff's Department, | | |
| *et al.*, | : | |
| | | |
| Defendants | | |

ORDER
and REPORT AND RECOMMENDATION

On August 11, 2005, Jorge R. Ortiz Sr., Carlos R. Ortiz, and Jorge R. Ortiz Jr. filed

a complaint against the Jefferson County Sheriff's Department alleging unlawful arrest

and incarceration in violation of 42 U.S.C. §1983.  On February 2, 2006, plaintiffs filed an

amended complaint naming the Jefferson County Sheriff's Department, the Jefferson

County Board of Commissioners, Sheriff Fred Abdala, and the "unknown officer in

charge of shift," the "unknown Sergeant in charge of shift," and the "unknown deputies

who perpetrated false arrest of plaintiff."

This matter is before the Court on defendants Jefferson County Sheriff's

Department, Jefferson County Board of Commissioners, and Sheriff Fred Abdala's

March 23, 2006 motion to dismiss plaintiffs' amended complaint (doc.  11) and Jorge R.

1

Ortiz, Sr., Carlos R. Ortiz, and Jorge R. Ortiz, Jr.'s April 17, 2006 motion for leave to amend their amended complaint (doc. 16).

<u>Arguments of the Parties</u>. Defendants argue that the claims against the Jefferson County Sheriff's Department should be dismissed because it is not a legal entity subject to suit as previously ruled by this Court. Defendants also argue that the claims against the Jefferson County Board of Commissioners and Sheriff Fred Abdalla should be dismissed because they are against defendants in their official capacities, and plaintiffs have failed to identify a policy or custom upon which they can be found liable.

Defendants maintain that unless a complaint asserting claims under 42 U.S.C. § 1983 indicates that the defendants are being sued in their individual capacities, the court must assume that the claims are being made against the defendants in their official capacities. Defendants argue that the amended complaint does not make any factual allegations against the Jefferson County Board of Commissioners, nor are there claims that commissioners individually or as Board members were involved in plaintiffs' arrest or incarceration. Furthermore, plaintiffs do not allege that Sheriff Abdalla was directly involved in their arrest or incarceration. Finally, defendants argue that allegations that officers failed to follow a policy does not state a cause of action against the municipality, and the complaint simply alleges that the plaintiffs were held in excess of 48 hours before being taken before a judge.

Plaintiffs argue that defendants are named in their individual capacities and that to the extent that the Court finds that defendants can be sued in their official capacities,

plaintiffs assert that the Jefferson County Board of Commissioners and Sheriff Fred Abdalla have a custom of permitting their officers to deprive citizens of their civil rights.  Plaintiffs acknowledge that the Jefferson County's Sheriff's Department has been dismissed by this Court and indicate that it is mentioned only for identification purposes.

Plaintiffs also seek an order directing the Jefferson County Sheriff's Department to provide plaintiffs with copies of their arrest records and the Dillonvale Court to provide plaintiffs a copy of the arraignment documents and transcripts of all court proceedings.

Motion to Dismiss.  When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations.  *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v.*

*Barry*, 233 F.2d 220, 223 (6th Cir. 1956). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980). Because the motion under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn*, 697 F.2d at 125. Fed. R. Civ.

4

P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970).  It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted.  *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

As previously ruled by this Court, plaintiffs have failed to state a claim against Jefferson County Sheriff's Department.  Plaintiffs indicated that they have named the sheriff's department for identification purposes only, but this is unnecessary.  Plaintiffs cannot recover against Jefferson County Sheriff's Department as a matter of law.

Defendants argue that unless the complaint indicates that defendants are being sued in their individual capacities, the Court must assume that the claims are being

made against the defendants in their official capacities.  Defendants rely on *Wells v. Brown*, 891 F.2d 1241 (6th Cir.  1989).  In *Wells*, the Sixth Circuit held that an inmate seeking damages under § 1983 was required to clearly state in his complaint that he was suing state officials in their individual capacities rather than in their capacities as state officials.

In *Pelfy v.  Chambers*, 43 F.3d 1034 (6th Cir. 1995), the Sixth Circuit stated that the requirement to clearly state whether an official was being sued in his individual capacity was "to afford state officials sufficient notice of the fact that they could be held personally liable for the payment of any damage award obtained by the plaintiff." *Id.*  at 1038.  Although the *Pelfry* plaintiff did not specify whether defendants were being sued in their individual or official capacities, the plaintiff filed a motion to bar the attorney general from representing defendants because they acted outside the scope of their employment.  The Sixth Circuit found that this was sufficient notice of the fact that defendants were being sued in their individual capacities.  The Sixth Circuit reached a similar conclusion in *Abdur-Rahman v.  Michigan Department of Corrections*, 65 F.3d 489 (6th Cir.  1995).  Although Rahman did not state in what capacity he sued the defendant, in his reply to the defendant's motion for summary judgment, Rahman made it clear that he intended to sue him both in his individual and official capacities.  The Sixth Circuit concluded that Rahman's response to defendant's motion for summary judgment was sufficient notice to the defendant that he was being sued in his individual capacity.

Here defendants have been put on notice that plaintiffs intend to sue them in their individual capacities in a similar fashion.  In their motion to file a second amended complaint, plaintiffs state that they are suing defendants in their individual capacities.

Plaintiffs, however, have failed to state a claim against the Jefferson County Board of Commissioners or Sheriff Abdalla in their official capacities. Official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.5 (1978)). A suit against the Jefferson County Board of Commissioners or Sheriff Abdalla in their official capacities is treated as a suit against the entity as long as the government entity receives notice and an opportunity to respond.  *Id*. In an official-capacity action a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation or the entity's "policy or custom" played a part in the violation of federal law. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because plaintiffs' complaint does not allege that a policy or custom played a part in the alleged constitutional deprivation, the Magistrate Judge RECOMMENDS that defendants' motion to dismiss be GRANTED with respect to plaintiffs' claim against the Jefferson County Board of Commissioners and Sheriff Abdalla in their official capacities.

The complaint also fails to allege that the Jefferson County Board of Commissioners and Sheriff Abdalla was directly involved in plaintiffs' arrest or incarceration. To establish liability under §1983, a plaintiff must plead and prove that a

defendant is personally responsible for the unconstitutional actions which injured him.

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).  *Respondeat superior* is not a basis for liability.  *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events.  There is no liability under 42 U.S.C. §1983 for "mere failure to act."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Consequently, the Magistrate Judge RECOMMENDS that defendants' motion to dismiss be GRANTED with respect to plaintiffs' claim against the Jefferson County Board of Commissioners and Sheriff Abdalla in their individual capacities.

<u>Motion to Amend</u>. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the complaint after a responsive pleading has been filed only by leave of court, but requires that such leave "be freely granted when justice so requires."  Rule 15(a), Fed. R. Civ. P.  That standard was construed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

*See, Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).

8

Delay alone is not a ground for denying leave to amend.  *Dana Corporation v. Blue Cross & Blue Shield Mutual,* 900 F.2d 882, 888 (6th Cir. 1990).  The party opposing leave to amend must demonstrate significant prejudice.  *Duggins,* 195 F.3d at 834; *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986).  The Court determines prejudice by considering

> whether the assertion of the new claim or defense would: require the opponent to expend significant  additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan,* 30 F.3d 658, 662-63 (6th Cir. 1994).  The longer the period of unexplained delay, the lesser the burden of demonstrating prejudice.  *Id.*  Courts have frequently found prejudice where the amendment is made after the discovery deadline has passed, *Duggins v. Steak 'N Shake,* 195 F.3d at 843 (Plaintiff aware for months of basis claim, but did not move to amend until discovery deadline had passed and motion for summary judgment was filed); *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995)(Amendment sought one month before trial); *Priddy v. Edelman,* 883 F.2d 438, 446 (6th Cir. 1989); *Janikowski v. Bendix Corporation,* 823 F.2d 945, 952 (6th Cir. 1987), or on the eve of trial.  *Ferguson v. Neighborhood Housing Services, Inc.,* 780 F.2d 549 (6th Cir. 1986).  A party who moves to amend late in the lawsuit has "an increased burden to show justification for filing to move earlier." *Wade v. Knoxville Utilities Board,* 259 F.3d 452, 459 (6th Cir. 2001)(Citation omitted).  Nonetheless, even amendments

made on the eve of trial are permissible when there is no demonstrable prejudice. *United States v. Wood,* 877 F.2d 453, 456-57 (6th Cir. 1989)(Amendment permitted three weeks before trial). Further, even if there is prejudice, the Court may be able to fashion a remedy, such as assessing the moving party the costs of duplicative discovery, which would permit the amendment. *See, Janikowski,* 823 F.2d at 952; *Moore v. Paducah,* 790 F.2d 557, 562 (6th Cir. 1986); *Adkins v. International Union,* 769 F.2d 330, 334 (6th Cir. 1985).

Nonetheless, the Sixth Circuit has ruled that "[i]t is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir. 1980) (citing *Buron v. California,* 438 F.2d 637 (9th Cir. 1971) (per curiam); *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir. 1994). A court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous. *See Madison Fund, Inc. v. Denison Mines Ltd.,* 90 F.R.D. 89, 91 (S.D.N.Y. 1981); *Key Pharmaceuticals, Inc. v. Lowey,* 54 F.R.D. 445, 449 n.5 (S.D.N.Y. 1972). Normally, the merits of a complaint are best resolved through a motion to dismiss or a motion for summary judgment. *See WIXT Television, Inc. v. Meredith Corp.,* 504 F. Supp. 1003, 1010 (N.D.N.Y. 1980). However, if there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim, leave should be denied. *See Cooper v. American Employers' Ins. Co.,* 296 F.2d 303, 307 (6th Cir. 1961).

Plaintiffs's motion to amend the complaint indicates they would assert claims for unlawful arrest, abuse of process, wrongful incarceration, recklessness, malicious prosecution, negligent training and supervision of police officers, and conspiring to and depriving plaintiffs of rights afforded by the Fourth and Fourteenth Amendments in violation of 42 U.S.C. §1983 against defendants in their individual capacities if their motion is granted. Plaintiffs, however, have failed to attach a copy of their proposed second amended complaint.  The Court cannot determine whether leave should be granted without looking at the proposed amended complaint.  Accordingly, the motion for leave to file an amended complaint (doc. 16) is DENIED without prejudice to re-filing it with the proposed amended complaint attached.

Request for Documents. Plaintiffs also seek an order directing the Jefferson County Sheriff's Department to provide plaintiffs with copies of their arrest records and the Dillonvale Court to provide plaintiffs a copy of the arraignment documents and transcripts of all court proceedings.  Rule 26 of the Federal Rules of Civil Procedure provides in pertinent part:

> (d) Timing and Sequence of Discovery. Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.
> . . .
> (f) Conference of Parties; Planning for Discovery. Except in categories of

proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:

(1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;
(3) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(4) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. A court may order that the parties or attorneys attend the conference in person. If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (I) require that the conference between the parties occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), and (ii) require that the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

Fed. R. Civ. P. 26(d)&(f).  This case has not yet been set for a scheduling conference

pursuant to Rule 16(b).  Consequently, plaintiffs' requests for discovery are premature.

Furthermore, S.D. Ohio Civ. R. 37.2 requires that a party filing a motion to compel discovery set forth by affidavit the extrajudicial means which have been attempted to resolve differences.

Conclusion. The Magistrate Judge RECOMMENDS that defendants' motion to dismiss (doc. 11) be GRANTED with respect to plaintiffs' claim against the Jefferson County Board of Commissioners and Sheriff Abdalla in their official and individual capacities. If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

Plaintiffs' April 17, 2006 motion for leave to amend their amended complaint (doc. 16) is DENIED. Plaintiffs' request to compel discovery is DENIED. Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.

13

The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

Plaintiffs have failed to file proof of service of the summons and complaint on defendants  within 120 days after filing the complaint.  Plaintiff is ORDERED to SHOW CAUSE within fifteen (15) days of the date of this Order why defendants  the"unknown officer in charge of shift," the "unknown Sergeant in charge of shift," and the "unknown deputies who perpetrated false arrest of plaintiff" should not be dismissed without prejudice pursuant to Rule 4(m), Fed.  R.  Civil.  P.  for failure to obtain service on them.

s/ Mark R.  Abel
United States Magistrate Judge

14